IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant | (consolidated with C-05-3560 MMC) |
| v. | **ORDER DENYING UCTSS'S MOTION TO AMEND ORDER TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL; VACATING HEARING** |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | |
|     Defendant/Counterclaimant | |
| and | |
| ULTRA CLEAN HOLDINGS, INC. | |
|     Defendant                           / | |

Before the Court is Ultra Clean Technology Systems and Service, Inc.'s ("UCTSS") motion to amend the Court's January 18, 2006 Order Granting Celerity, Inc.'s Motion to Align Parties, to certify said order for interlocutory appeal. Celerity, Inc. ("Celerity") has filed opposition, to which UCTSS has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers submitted, VACATES the hearing scheduled for March 10, 2006, and rules as follows.

A district court may certify for interlocutory appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion"

where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b).

On December 12, 2005, the Court approved the parties' stipulated request to consolidate the complaint filed in <u>Ultra Clean Technology Systems and Services, Inc. v. Celerity, Inc.</u>, C-05-3560 MMC, with the complaint filed in <u>Celerity, Inc. v. Ultra Clean Holdings, Inc., et al.</u>, C-05-4374 MMC.  As a result of the consolidation, the consolidated proceeding consisted of two complaints, with UCTSS and Celerity each denominated as "plaintiff" in one such complaint and "defendant" in the other complaint.  In its order of January 18, 2006, the Court, to effectively manage the instant consolidated matter and avoid unnecessary confusion, deemed the complaint filed by Celerity to be the main action and the complaint filed by UCTSS to be the counterclaim.  Thereafter, at the case management conference conducted January 27, 2006, the Court, in response to concerns raised by UCTSS, made clear that such ruling was not intended to resolve the question of the order in which any triable issue would be presented at the time of trial or how a party would be described to the jury.  Nevertheless, three court days later, UCTSS filed the instant motion, contending therein that the Court, by its January 18, 2006 order, has denied UCTSS the ability to "present its invalidity case first" and to be denominated the "plaintiff" in presenting its invalidity case, (see UCTSS's Mot., filed February 1, 2006, at 1:18-19, 9:15-18), and that in light of such asserted effects, the Court should amend its order to include a certification for interlocutory appeal.

As noted above, UCTSS's argument mischaracterizes the January 18, 2006 order.  In any event, UCTSS has not shown that such order involves a controlling issue of law, much less that an immediate appeal will materially advance the outcome of the litigation.  See 28 U.S.C. § 1292(b).

Accordingly, UCTSS has failed to show that the January 18, 2006 order should be amended to certify said order as appropriate for interlocutory appeal.

//

//

**CONCLUSION**

For the reasons stated, UCTSS's motion to amend the January 18, 2006 is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2006

MAXINE M. CHESNEY
United States District Judge