

THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

Keith L. Slenkovich
408.282.1821 Direct Dial
408.278.8221 Direct Fax
kslenkovich@thelen.com

January 4, 2007

**VIA ELECTRONIC FILING**

The Honorable James L. Larson
Chief Magistrate Judge
U.S. District Court for the Northern District
of California
450 Golden Gate Avenue
Courtroom F, 15th Floor
San Francisco, California  94102

   Re:  **Celerity, Inc. v. Ultra Clean Technology Systems and Service, Inc.,** *et al.*

Dear Chief Magistrate Judge Larson:

  Pursuant to Your Honor's Standing Order, attached hereto is the letter brief of plaintiff Celerity, Inc. in connection with two discovery disputes between the parties in the above-referenced matter.  If necessary, Celerity is happy to provide Your Honor with further briefing on these issues.

        Sincerely,

        Keith L. Slenkovich

Attachment

SV #278130 v1

**I.**  **Celerity's Motion to Compel Complete and Correct Reponses to Interrogatories and Production of Documents Confirmed to Exist.**

In its interrogatories, Celerity, Inc. ("Celerity") asked UCT Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc. (collectively, "UCT") to identify how many assemblies of the accused device, known as "Predator," have been assembled to date, and asked UCT to identify by documents that showed the as-assembled configurations of the accused products, and bills of material ("BOM's") for the as-assembled configurations. The documents identified by UCT as showing the "as-assembled" configurations all show simple 3-D drawings from what appear to be Power Point presentations, and many of the drawings are simply duplicates of one another. In addition, in his deposition testimony, Bruce Wier, Vice-President of Engineering at UCT, could not identify whether or not the drawings produced by UCT and identified as being responsive to interrogatories actually represented assembled or shipped configurations, and it soon became clear that they did not. Some of the documents identified as BOM's responsive to interrogatories in fact were BOM's for gas panels built for customers by UCT *with Celerity's substrates*, not the Predator substrates produced by UCT.

During the deposition of UCT's VP of Sales, Ms. Hayward testified that UCT has provided sales quotes to customers, and that UCT maintained records of these quotes and that a cost of bill of materials, any customer specifications, the workup sheet, the manufacturing hours, the layout of the product, and any documentation received from the customer would be part of a quote record maintained by UCT. To date, however, UCT has only identified a single sales document, produced on the first day of the deposition of Mr. Wier; no customer specifications or other documents relating to any of the ten quotes have been provided to Celerity.

In UCT's response to Celerity's interrogatories, UCT stated that a number of Predator systems had been constructed. This number is the same as that given by Mr. Milburn in his deposition, but different than the number provided by Bruce Wier and from the number provided by UCT's. At this point, less than 10 days before the due date for opening expert reports, Celerity does not even know how many Predator systems have been assembled to date.

Thus, Celerity asks this Court to order UCT to provide:

- Complete and accurate identification of documents showing the as-assembled configurations and BOM's;
- All documents related to the ten quotes;
- An accurate count of how many Predator systems have been assembled to date, and a description of their dispositions; and
- To hold open depositions to authenticate and discuss any documents produced or claimed not to exist pursuant to this order.

**II.**  **The Scope of UCT's Waiver of Attorney-Client Privilege and Work Product Immunity Related to Its Assertion of the Advice-of-Counsel Defense to Celerity's Claim of Willful Infringement.**

In support of its advice-of-counsel defense to Celerity's claims of willful and continuing infringement, UCT has produced seven opinions of counsel under Local Patent Rule 3-8. While UCT admittedly has waived the attorney-client privilege and work product immunity on non-infringement and validity opinions of counsel, the parties disagree over the scope of that waiver. Celerity asks for the Court's intervention on this

discovery issue in connection with a document subpoena served on UCT's counsel and two Rule 30(b)(6) depositions.[1]

Despite the use of the same law firm as both its opinion counsel and its trial counsel in this action,[2] UCT maintains that its privilege waiver categorically does not extend to trial counsel or to communications and documents which are dated after the commencement of this action. Indeed, UCT's counsel has already instructed various UCT witnesses not to answer questions or disclose *any* information regarding communications with trial counsel. Moreover, UCT's counsel has stated that Celerity is not entitled to a privilege log for communications between UCT and trial counsel relating to the subject matter of the infringement or non-infringement of the accused products and the validity or invalidity of the patents in suit.. UCT has also refused to provide a privilege log of work product relating to those subjects.

When an alleged infringer asserts an advice-of-counsel defense to a claim of willful infringement of a particular patent, it waives attorney-client privilege and immunity for any document or opinion that embodies or discusses a communication to or from it concerning the subject matter of the opinion or advice of counsel. *In re EchoStar Communications Corp.*, 448 F.3d 1294 (Fed. Cir. 2006). In circumstances where there is an allegation of continuing infringement, this waiver extends to the period after litigation began. *Id.* at 1303. Moreover, as this Court recently ruled, this waiver extends to *all* counsel, including trial counsel. *Informatica Corp. v. Business Objects Data Integration*, 454 F.Supp.2d 957, 963 (N.D. Cal. 2006) (stating that "what matters is the state if mind of [the alleged infringer] relative to infringement").

Accordingly, Celerity asks this Court to order the following from UCT and its counsel:

- All attorney-client communications between anyone at UCT and *any* counsel on the subjects of the infringement or non-infringement of any accused product to include communications about the identification of any accused product and on the subject of the validity or invalidity of the patents in suit upon which UCT now relies;
- All work product communicated to UCT on those same subjects by *any* counsel, including trial counsel;
- All work product which reflects or embodies any communication on those subjects drafted by *any* counsel, including work product drafted by trial counsel;
- An adequate privilege log for all responsive communications or work product that is withheld by UCT on attorney-client or work product grounds; and
- An order compelling any witness that was instructed not to answer a question in deposition on the grounds of UCT's narrow construction of the waiver to answer such questions.

Finally, Celerity respectfully requests that the Court extend Celerity's time to bring a motion to compel additional responses related to the non-infringement and validity opinions of counsel, including the ability to conduct additional motion practice on the adequacy of, and substantive content in, an ordered privilege log.

---

[1] The parties have agreed to defer the taking of the Rule 30(b)(6) depositions of UCT and of its law firm, Perkins Coie LLP ("Perkins") as well as the deposition of its opinion counsel, Perkins attorney Peter Dehlinger pending the Court's resolution of this issue and to extend the discovery cutoff date as necessary.

[2] UCT has utilized Perkins as patent counsel and opinion counsel in connection with the accused products, as well as trial counsel for the duration of this litigation. Perkins has repeatedly indicated that it erected a "wall" between opinion and trial counsel, prohibiting communication between these attorneys on all matters associated with the asserted advice-of-counsel defense. However, deposition testimony of various UCT witness indicates, for example, that UCT employees have been in communication with trial counsel regarding possible infringement of Celerity patents prior to the filing of UCT's action for declaratory judgment, and that there have been joint meetings with trial counsel and opinion counsel in attendance.

SV #278109 v1