IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant<br>  v.<br>ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.<br>    Defendant/Counterclaimant<br>  and<br>ULTRA CLEAN HOLDINGS, INC.<br>    Defendant | (Consolidated with C-05-3560 MMC)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY; DENYING PLAINTIFF'S MOTION TO STRIKE PROFFERED TESTIMONY OF AUBREY HELMS; DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S APPENDIX A; VACATING HEARING** |

Before the Court is defendants Ultra Clean Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc.'s (collectively, "UCT") Motion for Summary Judgment of Invalidity of the Patents-in-Suit, pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed March 2, 2007. Plaintiff Celerity, Inc. ("Celerity") has filed opposition, to which UCT has filed a reply.

Also before the Court are two motions filed by Celerity, in each instance on March 16, 2007: (1) Motion to Strike Proffered Testimony of Aubrey Helms Dependant on U.S. Patent No. 3,294,140 in Support of Defendants' Motion for Summary Judgment of Invalidity; and (2) Motion to Strike Defendants' Appendix A to Memorandum of Points and

Authorities in Support of Their Motion for Summary Judgment of Invalidity. UCT has filed opposition to each such motion, and Celerity has filed a reply to each opposition.

Having reviewed the papers filed in support of and in opposition to the motions, the Court deems the motions appropriate for decision on the papers, VACATES the hearing scheduled for April 6, 2007, and rules as follows.

## LEGAL STANDARD

Rule 56 provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. 56(c).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" See Celotex, 477 U.S. at 324 (quoting Rule 56(c)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted). "'[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion.'" See Matsushita, 475 U.S. at 587 (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

//
//

**DISCUSSION**

In its motion, UCT argues that each claim in six patents asserted against it by Celerity is, as a matter of law, invalid. By separate order filed concurrently herewith, the Court has dismissed as moot UCT's counterclaims for invalidity, to the extent said counterclaims pertain to United States Patent Nos. 6,142,539, 6,293,310, 6,189,570, and 6,474,700. Accordingly, to the extent UCT, by the instant motion, seeks summary judgment as to invalidity of claims in said four patents, the motion will be denied as moot.[1]

The remaining claims at issue herein are found in U.S. Patents Nos. 6,394,138 ("'138 Patent") and 6,435,215 ("'215 Patent"). Specifically, Celerity asserts that UCT has infringed Claims 1, 2, and 12 of the '138 Patent and Claims 1 and 6 of the '215 Patent. UCT argues that each such claim is invalid as anticipated by and/or is obvious in light of prior art.

**A. Invalidity**

"A patent is invalid for anticipation when the same device or method, having all of the elements contained in the claim limitations, is described in a single prior art reference." Crown Operations Int'l, Ltd. v. Solutia Inc., 289 F. 3d 1367, 1375 (Fed. Cir. 2002). "An anticipating reference must describe the patented subject matter with sufficient clarity and detail to establish that the subject matter existed in the prior art and that such existence would be recognized by persons of ordinary skill in the field of the invention." Id. "There must be no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention." Scripps Clinic & Research Foundation v. Genentech, Inc., 927 F. 2d 1565, 1576 (Fed. Cir. 1991).

Here, UCT argues that Claims 1, 2 and 12 in the '138 Patent are, as a matter of law, anticipated by U.S. Patent 5,983,933 ("Ohmi").[2] In support of this assertion, UCT does not

---

[1] In light of this finding, Celerity's motion to strike portions of the expert report of Aubrey Helms ("Helms") will be denied as moot, because the challenged portions pertain solely to U.S. Patent No. 6,474,700.

[2] Ohmi is Exhibit 10 to the Declaration of Lisa Kobialka.

offer the opinion of an expert, but, rather, offers a copy of Ohmi and relies on argument by its counsel. For the following reasons, the Court disagrees.

Claim 1 of the '138 Patent claims:

A manifold system for enabling a distribution of fluids comprising:

a plurality of individual manifold blocks, each manifold block having a fluid passageway with an entrance port and exit port accessing only a common surface; and

means for removably interlocking a pair of adjacent manifold block[s] to each other to operatively permit their respective fluid passageways to be positioned for interconnection.

See 138 Patent col. 14 ll. 17-25.

Claims 2 and 12 are dependent on Claim 1. In Claim 2, the claimed "pair of adjacent manifold block[s]" must be "identical in configuration." See 138 Patent col. 14 ll. 26-27. In Claim 12, the claimed "means for removably interlocking" must "hold[ ] the individual common surfaces of adjacent manifold blocks in a common plane to facilitate a sealing of interconnected pathways." See 138 Patent col. 15 ll. 7-10.

A patent is presumed valid. See 35 U.S.C. § 282. As a result, the burden is on the party asserting invalidity to prove invalidity with facts established by clear and convincing evidence. See Finnigan v. International Trade Comm'n, 180 F. 3d 1354, 1365 (Fed. Cir. 1999) (internal quotation and citation omitted). Although there may exist certain prior art references that so obviously set forth each and every limitation in a patent, such that it could be unnecessary for a party seeking to invalidate said patent to offer any evidence other than a copy of the prior art,[3] the Court finds that Ohmi is not such prior art. As noted, Claim 1 of the '138 Patent includes a limitation that the "manifold system" have a "means for removably interlocking a pair of adjacent manifold blocks to each other to operatively permit their respective fluid passageways to be positioned for interconnection." See '138

---

[3] UCT has failed to cite any case in which a patent has been invalidated on such basis.

4

Patent, col. 14 ll. 22-25.[4] None of the claims in Ohmi refer to any type of interlocking means, or, for that matter, to a device other than one with a single "valve mount," as opposed to adjacent mounts. (See Kobialka Decl. Ex. 10, col. 8 ll. 60 - col. 10 ll. 15.)[5]

Although UCT argues that a passage in the Ohmi specification stating a "mount" can be attached to a "base plate," (see id. Ex. 10 col. 3 ll. 46-49), is sufficient to disclose to a person skilled in the art the above-quoted "means for removably interlocking a pair of adjacent manifold blocks" limitation, the Court finds expert testimony to support such conclusion is necessary. UCT's expert, Helms, has opined that a person skilled in the art would have a degree in mechanical engineering, chemistry, material science, or chemical engineering, and would have at least one year of experience in the semiconductor equipment industry as a "process engineer," a "mechanical engineer doing design," or a "field service engineer." (See Kobialka Decl. Ex. 20 at 13:3 - 14:17.) A trier of fact, who would not have such educational background or work experience, could only, in the absence of expert testimony as to how a person skilled in the art would understand the prior art, engage in speculation as to such understanding.[6] See Crown Operations Int'l, 289 F. 3d at 1375 (holding party seeking to invalidate patent must prove assertedly

---

[4] Because Claims 2 and 12 are dependent on Claim 1, said claims include each limitation set forth in Claim 1.

[5] UCT argues, and Celerity appears to agree at least for purposes of the instant motion, that the "mount" disclosed in Ohmi is a "manifold block."

[6] Helms offers the opinion that Ohmi discloses a "block aligning system" that is "equivalent" to the "means for removably interlocking" disclosed in the '138 Patent. (See id. Decl. Ex. 8 at 27.) As noted, "[t]here must be no difference between the claimed invention and the reference disclosure" in order to establish invalidity on the ground of anticipation. See Scripps Clinic, 927 F. 2d at 1576 (emphasis added). "If it is necessary to reach beyond the boundaries of a single reference to provide missing disclosure of the claimed invention, the proper ground is not [ ] anticipation, but [ ] obviousness." Id. at 1577. Indeed, Helms does not offer the opinion, at least expressly, that Ohmi is an anticipating reference. Rather, Helms offers the opinion that "it would have been obvious to one with ordinary skill in the art" to use Ohmi, in combination with other prior art, to "conceive of the invention" claimed in Claim 1 of the '138 Patent. (See Kobialka Decl. Ex. 8 at 29.) UCT has not, however, sought summary judgment as to the subject claims of the '138 Patent on the ground of obviousness; rather, UCT seeks summary judgment as to such claims solely on the ground of anticipation.

5

1 anticipating prior art "describe[s] the patented subject matter with sufficient clarity and detail to establish that the subject matter existed in the prior art and that such existence would be recognized by persons of ordinary skill in the field of the invention").

Moreover, even if a copy of Ohmi, standing alone, could constitute sufficient evidence to support a finding of invalidity by the requisite clear and convincing standard, Celerity has, in opposition to the instant motion, offered the opinion of Alexander Glew, Ph.D. ("Dr. Glew"), who opines that a person of ordinary skill in the subject field would not understand Ohmi to disclose the "means for removably interlocking a pair of adjacent manifold blocks" limitation in the '138 Patent. Specifically, Dr. Glew opines that the mounts disclosed in Ohmi, if considered to be "manifold blocks" as set forth in the '138 Patent, "are not adjacent, not touching each other, and therefore cannot be interlocked to each other." (See Slenkovich Decl. Ex. A ¶ 89.)[7] Consequently, a triable issue of fact exists as to whether Claims 1, 2, and 12 of the '138 Patent are anticipated by Ohmi.

Accordingly, UCT is not entitled to summary judgment on its counterclaim that Claims 1, 2, and 12 of the '138 Patent are invalid as anticipated by Ohmi.[8]

**B.  Obviousness**

A patent claim is invalid based on obviousness when the "differences between the [claimed invention] and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." See 35 U.S.C. § 103(a). "[W]hen the invention is a combination of prior art components . . . the prior art must show not only all of the elements of the claimed combination, but must contain some teaching, suggestion or incentive to a person of ordinary skill to combine the known elements in the way that [the inventor] combined them."

---

[7] UCT's objection to Dr. Glew's expert report is overruled. Although Celerity filed a declaration authenticating Dr. Glew's report after UCT filed its reply, UCT was not prejudiced thereby, because UCT addressed the merits of the report in its reply.

[8] In light of this finding, Celerity's motion to strike Appendix A to UCT's motion, in which UCT summarizes in chart form the argument set forth in its motion, will be denied as moot, because consideration of said Appendix would not effect the outcome of the motion.

6

1  United States Surgical Corp. v. Ethicon, Inc., 103 F. 3d 1554, 1564-65 (Fed. Cir. 1997).

2  Here, UCT argues that Claim 2 of the '138 Patent and Claims 1 and 6 of the '215
3  Patent are invalid for obviousness.

4  **1.  Claim 2 of the '138 Patent**

5  UCT argues that Claim 2 of the '138 Patent is obvious in light of Ohmi in
6  combination with U.S. Patent 5,836,355 ("Markulec").[9]  UCT argues that Markulec discloses
7  "two manifold blocks that are identical and adjacent," (see Def.'s Mot. at 22:16-17), and
8  asserts that "a person of ordinary skill in the art would have been motivated to combine the
9  teachings of Ohmi with the standardized, identical manifold blocks taught by Markulec to
10 arrive at the invention of [C]laim 2 of the '138 Patent," (see id. at 22:21-24).

11 As discussed above, Claim 2 claims, inter alia, a manifold system with a "means for
12 removably interlocking a pair of adjacent manifold blocks to each other to operatively permit
13 their respective fluid passageways to be positioned for interconnection." See '138 Patent,
14 col. 14 ll. 22-25, col. 14 ll. 26-27.  UCT does not argue that such limitation is described in
15 Markulec; rather, according to UCT, such limitation is described in Ohmi.  Because, as
16 discussed above, a triable issue of fact exists as to whether Ohmi describes such limitation,
17 a triable issue of fact likewise exists as to whether Claim 2 is obvious in light of Ohmi in
18 combination with Markulec.

19 Accordingly, UCT is not entitled to summary judgment on its counterclaim that Claim
20 2 of the '138 Patent is invalid for obviousness in light of Ohmi in combination with Markulec.

21 //
22 //
23 //
24 //
25 //
26 //

27 ─────────────
28 [9]Markulec is Exhibit 13 to the Declaration of Lisa Kobialka.

### 2. Claims 1 and 6 of the '215 Patent

Claim 1 of the '215 Patent claims:

A gas panel comprising:

a first manifold having an inlet and an outlet accessing a common surface of the first manifold, and a fluid passageway connecting the inlet of the first manifold to the outlet of the first manifold and defining from the inlet of the first manifold to the outlet of the first manifold a generally lateral first flow direction;

a second manifold having an inlet and an outlet accessing a common surface of the second manifold, and a fluid passageway connecting the inlet of the second manifold to the outlet of the second manifold and defining from the inlet of the second manifold to the outlet of the second manifold a generally lateral second flow direction;

a bridging component having an inlet and an outlet accessing a common surface of the bridging component, and a fluid passageway connecting the inlet of the bridging component to the outlet of the bridging component and defining from the inlet of the bridging component to the outlet of the bridging component a generally lateral third flow direction;

wherein the inlet of the bridging component is fluidly connected to the outlet of the first manifold and the outlet of the bridging component is fluidly connected to the inlet of the second manifold, and the third flow direction is generally transverse to the first flow direction.

See 215 Patent col. 12 ll. 18-45.

Claim 6 of the '215 Patent, an independent claim, differs from Claim 1 only in that the "third flow direction is aligned with the first flow direction," see 215 Patent col. 13 ll. 11-12, as opposed to Claim 1's limitation that the "third flow direction [be] generally transverse to the first flow direction, see 215 Patent col. 12 ll. 43-45.

UCT argues that Claims 1 and 6 of the '215 Patent are obvious in light of U.S. Patent 5,368,062 ("Okamura").[10]  UCT argues that Okamura discloses a "weldless block-based system with internal channels for routing gas" in which components are "top-mounted," (see Def.'s Mot. at 5:15-18), and that all limitations contained in Claims 1 and 6 are described in Okamura, with the exception of the "bridging component" and the non-linear "flow direction" limitations.

---

[10]Okamura is Exhibit 15 to the Declaration of Lisa Kobialka.

8

As to the "bridging component" limitation, UCT argues, citing page 48 of the Helms expert report, that "one skilled in the art would have been motivated to modify Okamura to construct the flow control valve 105 [disclosed therein] as a single, undivided block, arriving at the bridging component" disclosed in Claims 1 and 6, (see id. at 18:28 - 19:2); the Helms expert report does not, on page 48 or elsewhere, include such an opinion, however, (see Kobialka Decl. Ex. 8). As to the non-linear "flow direction" limitation, UCT argues, without citation to any expert opinion, that "it would have been obvious to one skilled in the art that one could configure the flow control valve 105 of Okamura in whichever direction was required by a particular specification." (See id. at 19:9-11.) In sum, UCT fails to point to any expert opinion to support the specific assertions on which the instant motion is based.[11]

As noted, invalidity on the ground of obviousness is established where, although a single prior art reference does not describe each limitation of the claim at issue, a person skilled in the art would, after consideration of the relevant prior art, nonetheless find the "subject matter" in the claim to have been "obvious." See 35 U.S.C. § 103(a). UCT fails to cite any authority, and the Court is aware of none, providing that a party seeking to invalidate a patent on grounds of obviousness may simply offer the subject prior art and rely on the argument of counsel as to what would have been obvious therefrom to a person skilled in art, particularly where, as here, a person skilled in the art has a specific technical background. A trier of fact could only, under such circumstances, engage in speculation as to whether the subject matter in Claims 1 and 6 would be obvious.

Accordingly, UCT is not entitled to summary judgment on its counterclaim that Claims 1 and 6 of the '215 Patent are invalid for obviousness in light of Okamura.

//

---

[11]Helms does offer the opinion that Claim 1 of the '215 Patent is invalid as obvious, but does not state, at least expressly, that Okamura, standing alone, is invaliding prior art. Indeed, given that Helms offers the opinion that the last limitation in Claim 1 is disclosed in a patent other than Okamura, (see id. Ex. 8 at 48 (citing U.S. Patent No. 5,488,925)), Helms appears to be offering an opinion that Okamura renders the subject claim invalid as obvious only when considered in combination with other prior art.

**CONCLUSION**

For the reasons stated above:

1. UCT's motion for summary judgment as to invalidity is hereby DENIED; and

2. Celerity's motions to strike portions of the Helms expert report and Appendix A to UCT's motion are hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: April 23, 2007

MAXINE M. CHESNEY
United States District Judge