PAUL J. ANDRE, Bar No. 196585
(pandre@perkinscoie.com)
LISA KOBIALKA, Bar No. 191404
(lkobialka@perkinscoie.com)
JAMES HANNAH, Bar No. 237978
(jhannah@perkinscoie.com)
AMY SUN, Bar No. 237185
(asun@perkinscoie.com)
SEAN M. BOYLE, 238128
(sboyle@perkinscoie.com)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025
Telephone:      (650) 838-4300
Facsimile:      (650) 838-4350

Attorneys for Defendants/Counterclaimant
ULTRA CLEAN TECHNOLOGY SYSTEMS AND
SERVICE, INC., and ULTRA CLEAN HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CELERITY, INC.<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.<br><br>　　　　Defendant/Counterclaimant,<br><br>　　and<br><br>ULTRA CLEAN HOLDINGS, INC.,<br><br>　　　　Defendant. | Case No. 05-CV-04374 MMC<br>(consolidated with No. C-05-CV-03560 MMC)<br><br>**ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.'S AND ULTRA CLEAN HOLDINGS, INC.'S MOTION *IN LIMINE* TO LIMIT EVIDENCE REGARDING THE PRIORITY DATE OF UNITED STATES PATENT NO. 6,394,138**<br><br>**Date:**　　June 4, 2007<br>**Time:**　　9:00 a.m.<br>**Before:**　　Honorable Maxine M. Chesney<br>**Location:** Courtroom 7 |

I.   **INTRODUCTION**

Ultra Clean Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc. (collectively, "Ultra Clean") moves this Court for an order limiting Celerity, Inc. ("Celerity") to January 13, 1999 as the priority date for United States Patent No. 6,394,138 ("'138 Patent") because this is the date given by the United States Patent and Trademark Office ("Patent Office") and the date provided by Celerity in its Final Infringement Contentions.  Declaration of James Hannah in Support of Ultra Clean's Motion *in Limine* to Limit Evidence Regarding the Priority Date of United States Patent No. 6,394,138 ("Hannah Decl.")., ¶ 2, Ex. 1; ¶3, Ex. 2; ¶ 4, Ex. 3; ¶ 5, Ex. 4; ¶ 6, Ex. 5 (Final Infringement Contentions).

II.   **BACKGROUND**

The patent applicant filed the '138 Patent on January 13, 1999.[1]  Hannah Decl., ¶ 2, Ex. 1; ¶3, Ex. 2; ¶ 4, Ex. 3; ¶ 5, Ex. 4.  During prosecution of the '138 Patent, Celerity attempted to claim priority to an earlier application, namely United States Patent No. 5,992,463 ("'463 Patent").[2]  *Id.*  The examiner explicitly denied this request on every occasion because the '463 Patent did not disclose the claimed subject matter of the '138 Patent.  *Id.*, ¶ 3, Ex. 2 at 7-8; ¶ 5, Ex. 4 at 2.  As such, the Patent Office determined that the '138 Patent was a continuation-in-part, despite Celerity's attempt to file it as a continuation, and gave the application a January 13, 1999 priority date.  *Id.*,  ¶ 7, Ex. 6.

In accordance with Patent Local Rule 3-6, Celerity served its Final Infringement Contentions on October 27, 2006.  *Id.*, ¶ 6, Ex. 5 (Final Infringement Contentions).[3]  In its Final Infringement Contentions, Celerity disclosed the priority date of the '138 Patent as "no later than January 13, 1999."  *Id.*, ¶ 6, Ex. 5 (Final Infringement Contentions, Preliminary Infringement

---

[1] For purposes of this motion and simplicity, Ultra Clean refers to the patent applicant and all successors in interest as Celerity.

[2] U.S. Patent Application No. 08/739,936 issued as the '463 Patent.

[3] Celerity's Final Infringement Contentions, served on October 27, 2006, are based on and incorporate Celerity's Preliminary Infringement Contentions and Supplemental Preliminary Infringement Contentions, attached hereto the Hannah Decl. as Ex. 5.

1   Contentions) at 4; *see also* ¶ 6, Ex. 5 (Final Infringement Contentions, Second Supplemental

2   Infringement Contentions) at 5.  At no point did Celerity supplement its Final Infringement

3   Contentions to identify an earlier priority date.  *Id.*

4   **III.    ARGUMENT**

5   **A.    The '138 Patent Is Entitled To A January 13, 1999 Filing Date Because This Is
        The Filing Date Provided By The Patent Office.**

6

7          The Patent Office gave the '138 Patent a priority date of January 13, 1999 because the '138

8   Patent claimed new subject matter that was not disclosed in the '463 Patent.  Hannah Decl., ¶ 2,

9   Ex. 1; ¶3, Ex. 2; ¶ 4, Ex. 3; ¶ 5, Ex. 4; ¶ 7, Ex. 6.  In response to several office actions, Celerity

10  attempted to argue that the '138 Patent should be entitled to the filing date of the '463 Patent.  *Id.*,

11  ¶ 2, Ex. 1; ¶ 4, Ex. 3.  Each time, the examiner denied this request.  *Id.*, ¶ 3, Ex. 2; ¶ 5, Ex. 4.  For

12  example, the examiner stated, "Applicant's request to claim priority to prior application

13  08/739,936 filed October 30, 1996 is denied as the claimed subject matter of this application is not

14  found in the prior application 08/739,936.  All the applicant's claims must be covered by the

15  previous disclosure which applicant's claims obviously are not."  *Id.*, ¶ 3, Ex. 2 at 7-8.  Further, in

16  rejecting the applicant's request, the examiner stated that "[t]he flange connections are nowhere to

17  be found in applicant's previous application."  *Id.*, ¶ 3, Ex. 2 at 8.  As the flange connections are

18  required by each of the asserted claims by virtue of the "means for removably interlocking"

19  limitation, Celerity is limited to January 13, 1999 as the priority date of the '138 Patent because

20  this is the date Celerity filed the patent application with this new matter. Id., ¶ 7, Ex. 6 at col. 14.,

21  l. 22.

22  **B.    The '138 Is Entitled To A Priority Date Of January 13, 1999 Because This Is
        The Date Provided By Celerity's In Its Final Infringement Contentions.**

23

24         Celerity has advocated and admitted that information that is not provided pursuant to the

25  Patent Local Rules cannot be introduced at trial.  *Id.*, ¶ 8, Ex. 7.  In accordance with Celerity's

26  stated position, the '138 Patent is limited to January 13, 1999 as the filing date because Celerity

27  provides no other date in its Final Infringement Contentions.  *Id.*, ¶ 6, Ex. 5 (Final Infringement

28

ULTRA CLEAN'S  MOTION *IN LIMINE* TO LIMIT                    Case No. 05-CV-04374 MMC
EVIDENCE REGARDING PRIORITY DATE                    (consolidated with No. C-05-03560 MMC)
OF THE '138 PATENT

1  Contentions, Preliminary Infringement Contentions) at 4; ¶ 6, Ex. 5 (Final Infringement

2  Contentions, Second Supplemental Infringement Contentions) at 5; ¶ 7, Ex. 6.  Celerity's Final

3  Infringement Contentions state Claims 1, 2 and 12 of the '138 Patent are entitled to a "priority

4  date [that] is no later than January 13, 1999 (U.S. patent filing date)."  *Id.*, ¶ 6, Ex. 5 (Final

5  Infringement Contentions, Second Supplemental Infringement Contentions) at 5.  Celerity at no

6  time supplemented this contention.  As a result, Ultra Clean appropriately relied upon Celerity's

7  representations regarding the priority date for purposes of its Final Invalidity Contentions as well

8  for its invalidity case.

9       If Celerity were permitted to assert or rely upon a different or earlier priority date at trial

10 than the one disclosed during discovery in Celerity's Preliminary and Final Infringement

11 Contentions, which corresponds with the very date that the Patent Office determined was

12 appropriate, Ultra Clean would be severely and unfairly prejudiced and defeat the purpose of the

13 patent disclosures in the Northern District.  *See Berger v. Rossignol Ski Co., Inc.*, 2006 WL

14 1095914 *1, 3 (N.D. Cal. 2006) ("The rules are designed to require parties to crystallize their

15 theories of the case early in the litigation and to adhere to those theories once they have been

16 disclosed….") (citations omitted).  Permitting Celerity to rely on an earlier priority would

17 effectively mean that Celerity has sandbagged Ultra Clean into relying upon a later priority date in

18 the preparing its case, only to present an earlier and different priority date at trial in an attempt to

19 overcome the prior art references that Ultra Clean has advocated throughout discovery in the case.

20      To ensure that Ultra Clean will not be unduly prejudiced, Celerity should be limited to a

21 January 13, 1999 priority date for the '138 Patent.

22 **IV.    CONCLUSION**

23      Because the Patent Office and Celerity in discovery have both stated that the priority date

24 of the '138 Patent is January 13, 1999, Ultra Clean respectfully requests this Court to prohibit

25 Celerity from providing evidence regarding any priority date earlier than January 13, 1999.

26

27

28

ULTRA CLEAN'S MOTION *IN LIMINE* TO LIMIT          Case No. 05-CV-04374 MMC
EVIDENCE REGARDING PRIORITY DATE                 (consolidated with No. C-05-CV-03560 MMC)
OF THE '138 PATENT

1

2

DATED:  May 8, 2007              **PERKINS COIE LLP**

3                          By      /s/ Paul J. Andre
                                  Paul J. Andre
4                                 Lisa Kobialka
                                  James Hannah
5                                 Amy Sun
                                  Sean M. Boyle
6                                 Attorneys for Defendants/Counterclaimant
                                  Ultra Clean Technology Systems and Service, Inc.,
7                                 and Ultra Clean Holdings, Inc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ULTRA CLEAN'S  MOTION *IN LIMINE* TO LIMIT          Case No. 05-CV-04374 MMC
EVIDENCE REGARDING PRIORITY DATE          (consolidated with No. C-05-CV-03560 MMC)
OF THE '138 PATENT