IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant<br>v.<br>ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.<br>    Defendant/Counterclaimant<br>and<br>ULTRA CLEAN HOLDINGS, INC.<br>    Defendant<br>_____/ | (Consolidated with C-05-3560 MMC)<br><br>**ORDER RE: CELERITY, INC.'S MOTION IN LIMINE NO. 1** |

At the pretrial conference conducted May 22, 2007, the Court granted in part, denied in part, and in part deferred ruling on Celerity, Inc.'s ("Celerity") "Motion in Limine No. 1 to Exclude Certain Proffered Testimony from UCT's Expert Noninfringement Witness, Nelson Urdaneta," and provided the parties with the opportunity to submit supplemental filings in connection therewith. Having received and reviewed the parties' supplemental filings, the Court rules as follows.

In its supplemental filing, Celerity requests that the Court preclude Nelson Urdaneta ("Urdaneta") from "testify[ing] regarding the 'two main approaches' and 'design intent' of Celerity and UCT," (see Celerity's Reply in Support of Celerity's Mot. in Limine No. 1, filed

May 25, 2007, at 13:4-5), from "testify[ing] as to the intent of Celerity's inventors," (see id. at 13:7), from "compar[ing] the Predator to any commercial product or commercial embodiment of Celerity's patents," (see id. at 13:9-10), and from "defin[ing] his point of comparison as anything other than the Court's construction of the claims-in-suit," (see id. at 13:10-12).

With respect to the issue of "two main approaches," the Court previously ruled that Urdaneta could not testify that Ultra Clean Technology Systems and Service, Inc.'s ("UCT") product was "better" than the claimed inventions, but could testify as to what he believed were differences between how UCT's product and the claimed inventions address problems in the field. (See Sun Decl., filed May 29, 2007, Ex. 1 at 8:14 - 9:8.) Celerity, in its supplemental filing, does not reference the Court's prior order. To the extent Celerity is implicitly requesting reconsideration of such order, Celerity fails to show any cognizable basis for reconsideration exists, and, accordingly, such request is DENIED.

With respect to "design intent," the Court previously ruled that the issue of UCT's subjective intent was irrelevant. (See id. Ex. 1 at 8:11.) To the extent the motion concerns the "design intent" of Celerity and the inventors, UCT represents it does not intend to elicit such testimony and, good cause appearing from Celerity's reply, Celerity's motion is GRANTED.

Finally, with respect to Urdaneta's comparing the accused device to any of Celerity's products, as opposed to comparing the accused device to the claims, the Court previously ruled in favor of Celerity, (see id. Ex. 1 at 15:11-12); additionally, UCT states it will not elicit such testimony. In any event, Celerity's motion is GRANTED, to the extent Celerity seeks to preclude Urdaneta from comparing the accused device to Celerity's products.

**IT IS SO ORDERED.**

Dated: June 1, 2007

MAXINE M. CHESNEY
United States District Judge

2