IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant<br>v. | (Consolidated with C-05-3560 MMC) |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | **ORDER CONSTRUING "COMMON SURFACE"** |
|     Defendant/Counterclaimant | |
|   and | |
| ULTRA CLEAN HOLDINGS, INC. | |
|     Defendant                           / | |

    Before the Court are the parties' respective proposed constructions for the term "common surface" in U.S. Patents Nos. 6,394,138 ("'138 Patent") and 6,435,215 ("'215 Patent").[1]  Having considered the parties' respective submissions, the Court rules as follows.

    The Court declines to adopt either party's proposed construction.

    Ultra Clean Technology Systems and Service, Inc. ("UCT") proposes that "common surface" be construed as "an undivided, continuous area."  Such proposed construction,

---

[1] Neither party suggests the construction of "common surface" should vary based on either the claim or patent in which it is contained.

1  however, is inconsistent with the patents's use of "common surface" in Claims 1 and 6 of
2  the '215 Patent, each of which includes as a limitation a "bridging component having an
3  inlet and an outlet accessing a common surface of the bridging component." See '215
4  Patent col. 12 ll. 33-35; id. col. 13 ll. 1-3.  The specification provides, as examples of
5  bridging components, "U-tube type bridge connectors, having long connector legs and short
6  cross tubes connected together by Cajon elbows," see id. col. 4 ll. 19-21, and contains an
7  illustration of a "jumper," in the shape of a U, with an inlet accessing the base of one leg
8  and an outlet accessing the base of the other leg, see id. col. 8 ll. 61 - col. 9 ll. 20; id. Figs.
9  17, 18.  In other words, a preferred embodiment of the invention has a "bridging
10 component" with an inlet and outlet accessing a "common surface" that is not continuous
11 and undivided.  The Court finds no basis to construe the claims in a manner that would
12 exclude such preferred embodiment.  See Vitronics Corp. v. Conceptronic, Inc., 90 F. 3d
13 1576, 1583 (Fed. Cir. 1996) (providing claim construction that excludes preferred
14 embodiment "is rarely, if ever, correct and would require highly persuasive evidentiary
15 support").

16       Celerity, Inc. ("Celerity") proposes that "common surface" be construed as "one or
17 more surfaces lying in a common plane."  Celerity's proposed construction likewise is
18 inconsistent with the patent's use of "common surface" in Claims 1 and 6 of the '215
19 Patent, each of which includes the following limitations:  "a first manifold having an inlet and
20 an outlet accessing a common surface of the first manifold" and "a second manifold having
21 an inlet and an outlet accessing a common surface of the second manifold."  See '215
22 Patent col. 12 ll. 20-21, 26-27; id. col. 12 ll. 55-56, 61-62 (emphasis added).  Such
23 limitations cannot reasonably be interpreted as including an inlet and outlet accessing
24 multiple surfaces of a single manifold.  Similarly, Celerity's proposed construction is at odds
25 with the specification of the '138 Patent, which describes "the common surface for each of
26 the respective adjacent manifold blocks."  See '138 Patent col. 3 ll. 41-43 (emphasis
27 added).

28       In determining the proper construction of "common surface", the Court focuses on

1  the specification. See Phillips v. AWH Corporation, 415 F. 3d 1303, 1315 (Fed. Cir. 2005)
2  (holding specification is "usually dispositive" in claim construction analysis). Here, although
3  at least one preferred embodiment described in the specification of the '138 Patent includes
4  a "manifold block" with an inlet and outlet accessing a "common surface," see '138 Patent
5  col. 14 ll. 19-21, that is continuous and uninterrupted, see id. Fig. 3 (illustrating inlet and
6  outlet accessing upper surface of manifold), the specification of the '215 Patent, as
7  discussed above, discloses at least one preferred embodiment that includes a U-shaped
8  bridging component with an inlet and outlet accessing a "common surface," see '215 Patent
9  col. 12 ll. 33-35, that is divided, see id. Fig. 17 (illustrating inlet and outlet located on bottom
10 surface of said U-shaped component).

Accordingly, the Court finds "common surface" is properly construed as "the same surface, which surface may be either continuous or divided."[2]

**IT IS SO ORDERED.**

Dated: June 1, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] The Court previously construed the term "each manifold block having a fluid passageway with an entrance port and an exit port accessing only a common surface," see '138 Patent, col. 14 ll. 19-21, as "each manifold block having a channel or fluid passageway and an inlet and outlet on the same surface of the manifold block," (see Order Construing Claims, filed September 29, 2006, at 2:16-19.) In its opposition to UCT's claim construction brief, Celerity requests, for the first time, that the Court reconsider such construction, specifically, to eliminate "of the manifold block" from the construction. Because Celerity has failed to comply with Civil Local Rule 7-9, Celerity's request for reconsideration is procedurally improper. In any event, Celerity fails to offer an adequate explanation as to why its proposed revision is necessary. Accordingly, such request is hereby DENIED.