IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant<br>v. | (Consolidated with C-05-3560 MMC) |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | **ORDER GRANTING CELERITY, INC.'S MOTION IN LIMINE NO. 10** |
|     Defendant/Counterclaimant | |
| and | |
| ULTRA CLEAN HOLDINGS, INC. | |
|     Defendant                         / | |

At the pretrial conference conducted May 22, 2007, the Court deferred ruling on Celerity, Inc.'s ("Celerity") "Motion in Limine No. 10 to Exclude Evidence or Argument That Celerity's Claims Are Limited to Solid Rectangular Blocks," until after the Court had construed "common surface." Because the Court, by separate order filed concurrently herewith, has construed "common surface," the Court now considers Celerity's Motion in Limine No. 10.

Celerity seeks to preclude Ultra Clean Technology Systems and Service, Inc.'s ("UCT") experts from opining that the claimed manifold must be a solid, rectangular block.

In opposition, UCT states it does not intend to offer testimony that the manifold must

be rectangular. Consequently, Celerity's motion is, to that extent, unopposed.

UCT states, however, that it intends to elicit expert testimony that the manifold is a solid block. UCT observes that the asserted claims include a limitation that the manifold have an inlet and outlet accessing a "common surface," and states that its experts plan to testify that a manifold with inlets and outlets accessing a common surface "must be a solid block." (See UCT's Opp. to Pl.'s Mot. in Limine No. 10, filed May 15, 2007, at 2:11-12.) UCT argues "the claim limitations can be reasonably interpreted to require the manifold or manifold block to be a solid block." (See id. at 3:7-9.) As discussed at the pretrial conference, the "claim limitations" to which UCT refers are the limitations that use the term "common surface."

By separate order filed concurrently herewith, the Court has construed "common surface" as "the same surface, which surface may be either continuous or divided." Given such construction, the common surface of the manifold on which the inlet and outlet are located can be a divided surface, and, consequently, an expert opinion that the manifold must be a solid block would be inconsistent with the Court's construction order.

Accordingly, plaintiff's motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: June 1, 2007

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge