IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant<br>v. | (Consolidated with C-05-3560 MMC) |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | **AMENDED ORDER CONSTRUING CLAIMS** |
|     Defendant/Counterclaimant | |
|     and | |
| ULTRA CLEAN HOLDINGS, INC. | |
|     Defendant | |

Before the Court is the parties' dispute regarding the proper construction of ten terms in seven patents.[1] Plaintiff Celerity, Inc. and defendants Ultra Clean Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc. have submitted briefs and evidence in support of their respective positions on the disputed terms. The matter came on regularly for hearing on August 21, 2006. Keith L. Slenkovich of Thelen Reid & Priest LLP appeared on behalf of plaintiffs. Paul J. Andre of Perkins Coie LLP appeared on behalf of defendants. Having considered the papers submitted and the arguments of

---

[1] The claims in which each of the ten disputed terms are found are set forth in Exhibit S attached to plaintiff's Reply to Defendants' Claim Construction Brief.

counsel, the Court rules as follows:[2]

    1. "Manifold" is construed as "a structure containing a channel or fluid pathway and having openings allowing gases or fluid to enter and exit."

    2. "One-piece manifold" is construed as "a manifold made in a single, undivided piece."

    3. "Manifold block" is construed as "one in a series of manifolds that, when combined together, form a longer manifold or gas stick." The term is not limited by the prosecution history.

    4. "Gas inlet and outlet are located along the one laterally-extending manifold face" is construed as "gas inlet and outlet are on the surface and same side of the manifold."

    5. "In communication with" is construed as "allowing the flow of gas between."

    6. "Body" does not require further construction and is not limited by the prosecution history.

    7. "Bridging component" is construed as "a component acting as a fluid passageway for bridging between a manifold inlet and a manifold outlet."

    8. "Each manifold block having a fluid passageway with an entrance port and an exit port accessing only a common surface" is construed as "each manifold block having a channel or fluid pathway and an inlet and outlet on the same surface of the manifold block."

    9. The structure corresponding to the function "removably interlocking a pair of adjacent manifold blocks to each other to operatively permit their respective fluid passageways to be positioned for interconnection" is an upper flange and lower flange with complimentary configurations that are cantilevered from the central body portion, see U.S. Patent 6,394,138 ("'138 Patent") col. 7 ll. 58-63, or a connector plate that extends across or spans a pair of adjacent manifold blocks, see '138 Patent col. 4 ll. 4-5, col. 9 ll. 49-54, or a thin flat plate that extends beneath a pair of adjacent manifold blocks, see '138 Patent

---

[2] All the amendments are made to correct typographical errors.

col. 4 ll. 12-13.

10. The structure corresponding to the function "aligning an adjacent manifold block in the plurality of manifold blocks to ensure that the entrance and exit ports are positioned in a plane containing the common surface to facilitate sealing" is a vertical alignment system consisting of a pair of dowel pins or mounting posts, or a single pin such as an oval, diamond, or square, extending vertically upward from a lower flange surface. See '138 Patent, col. 11 ll. 24-26, 39-43, 65-67.

**IT IS SO ORDERED.**

Dated: June 19, 2007

MAXINE M. CHESNEY
United States District Judge