United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant | (Consolidated with C-05-3560 MMC) |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS; VACATING HEARING** |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | |
|     Defendant/Counterclaimant | |
| and | |
| ULTRA CLEAN HOLDINGS, INC. | |
|     Defendant                                   / | |

     Before the Court is plaintiff's "Motion for Sanctions Re: Inequitable Conduct Claim Alleged By UCT," filed October 12, 2007. Defendants have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for November 30, 2007, and rules as follows.

     Plaintiff seeks sanctions, under both 28 U.S.C. § 1927 and the Court's inherent power, in light of defendants' having asserted a counterclaim of unenforceability that, according to plaintiff, was baseless. An award of sanctions under § 1927 must be supported by a finding of "subjective bad faith." See B.K.B. v. Maui Police Dep't, 276 F. 3d

1091, 1107 (9th Cir. 2002). Similarly, an award of sanctions under a district court's inherent power must be supported by a finding "tantamount to bad faith." See id. at 1108 (internal quotation and citation omitted). Here, the Court finds, for the reasons stated by defendants, (see Defs.' Opp., filed October 31, 2007, at 13:16-14:18), that defendants did not act in bad faith in alleging the subject counterclaim or in dismissing the claim shortly before the scheduled court trial.

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 27, 2007

MAXINE M. CHESNEY
United States District Judge