IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
| Plaintiff/Counter-Defendant<br>v.<br>ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC.<br>Defendant/Counterclaimant<br>and<br>ULTRA CLEAN HOLDINGS, INC.<br>Defendant / | (Consolidated with C-05-3560 MMC)<br>**ORDER DENYING ULTRA CLEAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW; VACATING HEARING** |

Before the Court is Ultra Clean Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc.'s (collectively, "Ultra Clean") "Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b)," filed December 14, 2007. Celerity, Inc. ("Celerity") has filed opposition, to which Ultra Clean has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 25, 2008, and rules as follows:

1. Contrary to Ultra Clean's argument, Celerity offered sufficient evidence to support the jury's finding that Ultra Clean's Predator includes a "first manifold" and a "second

manifold," and that said manifolds each have an "inlet" and "outlet" that access a "common surface," as claimed in Claim 1 of U.S. Patent 6,435,215 ("'215 Patent"), (see, e.g., Transcript of Jury Trial Proceedings ("TT") 476:5- 482:1; Slenkovich Decl., filed December 29, 2007, Ex. X (Trial Exhibit 338)), and as claimed in Claim 6 of the '215 Patent, (see, e.g., TT 476:16-18, 486:11-18).[1] See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 153-54 (2000) (holding motion for judgment as matter of law properly denied where non-moving party offered sufficient evidence for jury to find in favor of non-moving party on issue).

    2. Contrary to Ultra Clean's argument, Celerity offered sufficient evidence to support the jury's finding that the Predator includes a "bridging component" as claimed in Claim 1 of the '215 patent, (see, e.g., TT 482:4-485:10, 621:1-624:18), and as claimed in Claim 6 of the '215 Patent, (see, e.g., TT 488:21-489:22). Moreover, and contrary to Ultra Clean's argument, Celerity offered sufficient evidence to support the jury's finding that Ultra Clean offered to sell and/or sold infringing Predator products comprising a "bridging component" as claimed in Claim 1, (see, e.g., TT 487:23-488:20; Slenkovich Decl. Ex. Z (Trial Exhibit 341)), and as claimed in Claim 6, (see, e.g., TT 488:21-489:22; Slenkovich Decl. Ex. Z).

    3. To the extent Ultra Clean's motion is based on the argument that Celerity's evidence was insufficient to rebut Ultra Clean's "invalidity charges," the Court declines to consider the motion, because Ultra Clean did not properly raise the issue of invalidity in a pre-verdict motion for judgment as a matter of law. See Fed. R. Civ. P. 50(a)(2) (providing motion for judgment as matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment"); Duro-Last, Inc. v. Custom Seal, Inc., 321 F. 3d 1098, 1102 (Fed. Cir. 2003) (holding, where plaintiff failed to "properly raise [ ]

---

[1] The Court found the word "second," as appearing in the paragraph of Claim 6 beginning "a first manifold," was properly corrected to read "first," (see TT 1471-1485), and that Ultra Clean was not prejudiced by the timing of said correction, (see TT 1460-1462). To the extent Ultra Clean, by the instant motion, argues said findings were erroneous, the Court finds Ultra Clean has failed to show its entitlement to relief; specifically, Ultra Clean has failed to show that the correction was not of the type a district court properly may make and/or that Ultra Clean relied to its detriment on the original language or was otherwise prejudiced.

obviousness issue in a JMOL motion before the cause was submitted to the jury," district court erred in granting plaintiff's post-judgment motion for judgment as matter of law). Here, defendants' renewed pre-verdict Rule 50 motion included only a passing reference to "invalidity charges," (see TT 1417), without any specification as to the particular theory of invalidity at issue, let alone elaboration with respect to the evidence offered by the respective parties relevant to any such defense. Cf. id. at 1107 (holding pre-verdict Rule 50 motion based on non-moving party's failure to offer evidence to establish anticipation insufficient to support post-verdict Rule 50 motion based on obviousness).

## CONCLUSION

For the reasons stated above, UTC's motion for judgment as a matter of law is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2008

_____
MAXINE M. CHESNEY
United States District Judge