1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|        Plaintiff/Counter-Defendant | (Consolidated with C-05-3560 MMC) |
|   v. | **ORDER DENYING DEFENDANTS'** |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | **MOTION FOR NEW TRIAL AND TO AMEND JUDGMENT; VACATING HEARING** |
|        Defendant/Counterclaimant | |
|   and | |
| ULTRA CLEAN HOLDINGS, INC. | |
|        Defendant | |
| _____/ | |

20       Before the Court is Ultra Clean Technology Systems and Service, Inc. and Ultra

21  Clean Holdings, Inc.'s (collectively, "Ultra Clean") "Motion for a New Trial and to Amend

22  Judgment Pursuant to Fed. R. Civ. P. 59(a) and (e)," filed December 14, 2007. Celerity,

23  Inc. ("Celerity") has filed opposition, to which Ultra Clean has replied. Having read and

24  considered the papers filed in support of and in opposition to the motion, the Court deems

25  the matter suitable for decision thereon, VACATES the hearing scheduled for January 25,

26  2008, and rules as follows:

27       1. Contrary to Ultra Clean's argument, the jury's findings that Ultra Clean infringed

28  Claims 1 and 6 of U.S. Patent 6,435,215 ("'215 Patent") and that the '215 Patent is valid

were not "contrary to the clear weight of the evidence." See Molski v. M.J. Cable, Inc., 481 F. 3d 724, 729 (9th Cir. 2007) (setting forth grounds on which motion for new trial may be granted). To support its positions, Celerity offered substantial evidence in the form of expert testimony, which the jury was entitled to credit; such testimony constituted, at a minimum, a "reasonable basis" for the jury's findings as to infringement and validity. See id. (holding denial of motion for new trial proper where "reasonable basis" for verdict exists).

2. Contrary to Ultra Clean's argument, the Court did not, in construing the term "common surface" in Claims 1 and 6 of the '215 Patent, improperly limit the scope of the claims to a preferred embodiment.[1] Rather, as Celerity points out, and as set forth in the Court's order of June 1, 2007, the Court construed "common surface" in a manner broad enough to encompass each preferred embodiment. Further, contrary to Ultra Clean's additional argument, Ultra Clean fails to demonstrate the timing of such construction prejudiced Ultra Clean in any cognizable manner, cf. Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 616 F. 2d 1315, 1326 (Fed. Cir. 1980) (setting forth, for purposes of laches, types of circumstances constituting prejudice by reason of delay, e.g., loss of witnesses or relevant documents), and, in any event, the Court was not asked to construe said term until shortly before trial. (See Slenkovich Decl., filed December 29, 2007, Ex. B at 47:15-23.)

3. Ultra Clean has failed to show the Court erred in its construction of the term "manifold" in Claims 1 and 6 of the '215 Patent. Ultra Clean fails to point to any language in the specification and/or prosecution history by which Celerity made a "clear disavowal of claim scope," thereby limiting the scope of the claims. See Teleflex, Inc. v. Ficosa North America Corp., 299 F. 3d 1313, 1327 (Fed. Cir. 2002) (holding claim terms are given "ordinary and accustomed meanings" unless patentee describes invention in intrinsic record "using words or expressions of manifest exclusion or restriction, representing a clear

---

[1]Moreover, Ultra Clean makes no showing as to how such limitation could have prejudiced Ultra Clean, even if the Court had so construed the '215 patent.

disavowal of claim scope").[2]

4. Ultra Clean fails to show the Court's decision to allow Celerity to present its infringement case before Ultra Clean presented its invalidity case deprived Ultra Clean of any substantive right, let alone that such decision resulted in a "miscarriage of justice." See Molski, 481 F. 3d at 729 (setting forth grounds on which motion for new trial may be granted).

5. Ultra Clean fails to show the Court erred in correcting the word "second," as found in the paragraph of Claim 6 of the '215 Patent beginning "a first manifold," to read "first." Specifically, Ultra Clean fails to show the Court erred in finding such "correction [was] not subject to reasonable debate based on consideration of the claim language and the specification." See Novo Industries, L.P. v. Micro Molds Corp., 350 F. 3d 1348, 1357 (Fed. Cir. 2003). Further, Ultra Clean fails to show the Court erred in finding Ultra Clean was not prejudiced by the timing of said correction, particularly given that Ultra Clean's defense with respect to the alleged infringement of Claim 6 was not based on the claim's use of the word "second," but, rather, on the accused device's asserted lack of any "bridging components whatever." (See Transcript of Jury Trial Proceedings ("TT") at 1458:1-6.)

6. Ultra Clean correctly observes that Celerity was unsuccessful in its attempt to elicit from Celerity's expert witness Alexander D. Glew, Ph.D. ("Dr. Glew") testimony to support a finding that the item depicted in Exhibit 109 was a product offered for sale or sold by Ultra Clean, and, consequently, that the testimony offered by Dr. Glew in response to such questioning ultimately was irrelevant. Contrary to Ultra Clean's argument, however, such testimony did not result in a miscarriage of justice, particularly given the Court's ruling that testimony provided by Ultra Clean employee Matthew L. Milburn was sufficient to support a verdict in favor of Celerity on the issue. (See TT 832:1-23 (stating customers at trade show were given Ultra Clean brochure listing subject item); see also TT 1306:2-

_____

[2]As Ultra Clean prevailed on the issue of infringement with respect to U.S. Patent 6,394,138, the Court finds its unnecessary to consider Ultra Clean's argument that the Court erred in construing the term "manifold block" as used in said patent.

1312:9 (setting forth Court's analysis).)

7. Contrary to Ultra Clean's argument, the instruction given to the jury on the issue of obviousness did not advise the jury that a teaching, suggestion, or motivation to combine must be found "in" the prior art. Rather, the instruction stated that a teaching, suggestion, or motivation "may be derived from the prior art itself, from the knowledge of one of ordinary skill in the art, or from the nature of the problem to be solved," (see TT 1715:22-1716:7), which instruction comports with the Supreme Court's directive not to apply the "teaching, suggestion, or motivation" test in a "rigid" manner. See KSR Int'l Co. v. Teleflex Inc., 127 S. Ct. 1727, 1739-45 (2007) (holding "in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle"; further holding "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed"). Moreover, contrary to Ultra Clean's argument that the jury would have inferred that a person of ordinary skill must possess an "extraordinary" level of skill, neither said instruction, nor any other instruction, included language to suggest the jury should understand the phrase "a person of ordinary skill in the art" to be "a person of extraordinary skill in the art," nor did Celerity so argue to the jury.

8. Contrary to Ultra Clean's argument, Ultra Clean is not a prevailing party entitled to recover its costs from Celerity. Where, as here, a plaintiff prevails on only some of its infringement claims against a defendant, the plaintiff nonetheless is the "prevailing party." See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V., 464 F. 3d 1339, 1347 (Fed. Cir. 2006) (holding plaintiff to be prevailing party, even though plaintiff "prevailed on only one of its two infringement claims").

//

//

//

//

//

4

**CONCLUSION**

For the reasons stated above, defendants' motion for a new trial and to amend the judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2008

MAXINE M. CHESNEY
United States District Judge