IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
|     Plaintiff/Counter-Defendant | (Consolidated with C-05-3560 MMC) |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO STAY INJUNCTION; VACATING HEARING** |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | |
|     Defendant/Counterclaimant | |
| and | |
| ULTRA CLEAN HOLDINGS, INC. | |
|     Defendant | |

Before the Court is Ultra Clean Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc.'s (collectively, "Ultra Clean") "Motion to Stay Injunction Pursuant to Fed. R. Civ. P. 62," filed December 11, 2007. Celerity, Inc. ("Celerity") has filed opposition, to which Ultra Clean has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 25, 2008, and rules as follows:

1. By separate orders filed concurrently herewith, the Court has denied Ultra Clean's motions for relief under Rules 50 and 59 of the Federal Rules of Civil Procedure, and, in so doing, has considered the grounds Ultra Clean contends it will raise on appeal.

1    For the reasons stated by the Court in its orders denying Ultra Clean's motions pursuant to Rules 50 and 59, and for the reasons stated by Celerity in opposition to the instant motion, the Court finds Ultra Clean has failed to make a "strong showing that [it] is likely to succeed" on the merits of any appeal it may file from the judgment.[1] See Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (setting forth factors district court considers when determining whether stay of judgment pending appeal is warranted).

2. For the reasons stated by Celerity, the Court finds the language of the injunction is not vague; Ultra Clean's asserted uncertainty with respect to the effect U.S. Patent 6,435,215 ("'215 Patent") will have on Ultra Clean's product development is not a function of the language of the injunction. Moreover, Ultra Clean fails to provide any basis for its assertion that, in the absence of a stay, Celerity is likely to make false statements to the public about the scope of the injunction. Finally, Ultra Clean does not contend it will experience any economic hardship if it ceases to sell the Predator; indeed, in opposing Celerity's motion for entry of a permanent injunction, Ultra Clean asserted that an injunction was unnecessary because Ultra Clean "has or will soon cease" to sell the Predator. (See Kobialka Decl., filed December 11, 2007. Ex. 5 at 7:24-25.) Accordingly, the Court finds Ultra Clean has failed to show it will be "irreparably injured absent a stay." See Hilton, 481 U.S. at 776.

3. Ultra Clean's argument that Celerity's "concerns" over continued infringement would be "mitigated" by requiring Ultra Clean to pay royalties on infringing sales is unpersuasive. In particular, for the reasons stated by Celerity, payment of a royalty would not adequately address Celerity's loss of market share and price erosion likely to result from Ultra Clean's sale of the Predator pending appeal. Accordingly, the Court finds Ultra Clean has failed to show a stay will not "substantially injure" Celerity. See id.

4. Ultra Clean offers no evidence, whether in the form of an opinion by an economist or otherwise, to support its argument that, in the absence of a stay, consumers

---

[1] To date, Ultra Clean has not filed an appeal.

will be forced to pay higher prices for products produced by semiconductor manufacturers. Ultra Clean similarly provides no support for its additional argument that the public interest is served by the Court's staying the injunction to afford the Patent and Trademark Office ("PTO") the opportunity to determine whether the '215 Patent is invalid; the Court is not persuaded that the public has an interest in having the issue of a patent's validity relitigated before the PTO after such issue has been fully litigated and tried to a jury. Accordingly, the Court finds Ultra Clean has failed to show the "public interest" would be served by staying enforcement of the injunction. See id.

## CONCLUSION

For the reasons stated above, defendants' motion to stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2008

MAXINE M. CHESNEY
United States District Judge