IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELERITY, INC., | No. C-05-4374 MMC |
| Plaintiff/Counter-Defendant<br>v. | (Consolidated with C-05-3560 MMC) |
| ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS; VACATING HEARING** |
| Defendant/Counterclaimant | |
| and | |
| ULTRA CLEAN HOLDINGS, INC. | |
| Defendant                                                 / | |

On March 13, 2008, the Clerk of the Court taxed costs in the amount of $93,857.56. (See Clerk's Notice, filed March 13, 2008.) Before the Court is Ultra Clean Technology Systems and Service, Inc. and Ultra Clean Holdings, Inc.'s (collectively, "Ultra Clean") "Motion for Review of the Clerk's Taxation of Costs Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Civil L.R. 54-5," filed March 18, 2008, by which Ultra Clean argues the Court should reduce the costs taxed to $11,613.52. Celerity, Inc. ("Celerity") has filed opposition, to which Ultra Clean has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for April 25, 2008, and rules as follows.

At the outset, the Court finds Ultra Clean has failed to make a sufficient showing that the total amount of recoverable costs should be equitably reduced in light of Celerity's having proven that Ultra Clean's accused products infringed one, but not all, of the patents asserted herein. Accordingly, the Court proceeds to the specific arguments made by Ultra Clean, addressing those arguments in the order presented by Ultra Clean.[1]

**1. Original and Copy of Depositions.** Celerity initially sought to recover $41,220.77 in costs incurred in obtaining an original and a copy of various depositions. In response to the instant motion, Celerity voluntarily withdrew its claim to costs for "shipping," "expedited delivery," and "ASCII/Mini/E-transcripts," which costs total $2754.19. (See Celerity's Opp. at 4:27 - 5:2; Frenza Decl. Ex. A.) As to the remaining $38,466.58, the Court finds, for the reasons stated by Celerity, that Celerity is entitled to recover such costs, with one exception. Specifically, the Court finds Celerity is not entitled to recover $5832.12, the sum representing the costs Celerity incurred in obtaining an original and a copy of depositions pertaining to its claim for willful infringement; such claim was withdrawn by Celerity and, consequently, is not a claim on which Celerity prevailed. Accordingly, the Court finds Celerity is entitled to recover $32,634.46 in costs incurred to obtain originals and copies of depositions.

**2. Charts, Visual Aids, Diagrams.** Contrary to Ultra Clean's argument, the Court finds, for the reasons stated by Celerity, that Celerity is entitled to recover $27,194.06 in costs incurred in the preparation of charts, visual aids, and diagrams.

**3. Reproduction of Government Records.** Contrary to Ultra Clean's argument, the Court finds, for the reasons stated by Celerity, that Celerity is entitled to recover $332.95 in costs incurred in reproducing and certifying government records.

**4. Witness Fees.** The Court finds, for the reasons stated by Ultra Clean, that Celerity is not entitled to recover the witness fees associated with the depositions of

---

[1] Other than its argument for an equitable reduction, Ultra Clean raises no objection to Celerity's recovery of (1) $7673.80 for costs expended to reproduce discovery documents, and (2) $4546.67 for costs expended to reproduce trial exhibits. Accordingly, these costs will be awarded to Celerity.

Perkins Coie, LLP, and Peter Dehlinger; such fees total $116.12.  As to the remaining $917.20 sought by Celerity, the Court finds, for the reasons stated by Celerity, that Celerity is entitled to recover such costs.

**5. Reporters' Transcripts.**  Contrary to Ultra Clean's argument, the Court finds, for the reasons stated by Celerity, that Celerity is entitled to recover $11,128.99 expended in court reporters' fees.

**6. Reproduction of Deposition Exhibits.**  Of the $477.90 expended by Celerity to reproduce deposition exhibits, Ultra Clean objects to Celerity's recovery of $178.57, the amount pertaining to Celerity's claim for willful infringement.  For the reasons stated above, the Court agrees with Ultra Clean.  Accordingly, the Court finds Celerity is entitled to recover $298.43 in costs incurred in reproducing deposition exhibits.

**7. Filing Fees.**  Contrary to Ultra Clean's argument, the Court finds, for the reasons stated by Celerity, that Celerity is entitled to recover the $250 filing fee it incurred in filing its complaint against Ultra Clean.

## CONCLUSION

For the reasons stated above, Ultra Clean's motion for review of the Clerk's taxation of costs is hereby GRANTED in part and DENIED in part, and Celerity is awarded costs in the total amount of $84,976.56.

**IT IS SO ORDERED.**

Dated: April 23, 2008

MAXINE M. CHESNEY
United States District Judge

3